[Civ. No. 2579. First Appellate District, Division One.—March 29, 1919.]

JOHN FERNALD, a Minor, etc., Respondent, v. EATON & SMITH (a Copartnership), Appellant.

[1] NEGLIGENCE—EXCAVATION IN PUBLIC STREET—DUTY TO PUBLIC.— A person making an excavation in a public street is under the duty to take such precautions with respect to the excavation made as to avoid danger to users of the street; and in an action for personal injuries sustained by plaintiff by falling into such an excavation, evidence that the defendant failed to maintain a substantial barrier around that part of the excavation into which the plaintiff fell, established negligence on the part of the defendant.

[2] ID.—FAILURE TO MAINTAIN BARRIER—PROXIMATE CAUSE OF INJURY. In this action for personal injuries, the negligence of the defendant in failing to maintain a substantial barrier around that part of the excavation into which the plaintiff fell was the proximate cause of the injury.

[3] ID.—CONTRIBUTORY NEGLIGENCE — CARE REQUIRED OF MINOR — IN-STRUCTIONS.—In this action for personal injuries sustained by a minor in falling into an excavation made by the defendant in a public street, the instructions given by the court fully advised the jury as to the degree of care required of a child of tender years and that whether the plaintiff himself was guilty of negligence was for them to determine from all the evidence in the case, taking into consideration his age and capacity.

[4] ID.—MEASURE OF DAMAGES.—The law prescribes no definite measure of damages in such a case, but leaves the amount of damages to the sound discretion of the jury, taking into consideration all the circumstances attending the occurrence of the injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Melvin E. Van Dine and Robert H. Morrow for Appellant.

Theodore A. Bell for Respondent.

KERRIGAN, J.—This is an appeal by defendant from an adverse judgment in an action for personal injuries sustained by plaintiff, a boy eight years of age, by falling into an excavation made by the defendant in Buchanan Street, between Union and Green Streets, in San Francisco, its motion for a new trial having been denied.

From the evidence introduced by the plaintiff it appears that just before the accident the plaintiff had been playing in the street near his home; that at about 6:30 o'clock he ran down the west side of Buchanan Street to meet his father returning home from work, and that upon reaching a point about the middle of the block he deflected his course and proceeded to cross the street, and while doing so fell into an unguarded excavation, sustaining the injuries complained of. The excavation had that day been made by the employees of the defendant in the digging of a trench for the purpose of laying a conduit line under a permit issued by the board of public works of the municipality.

[1] From a careful review of the record, it clearly appears that the evidence supports the verdict of the jury that the defendant was chargeable with negligence. In the first place, this negligence may be predicated upon its remissness in observing the terms of an ordinance of the city providing that "Every person, firm or corporation by whom, or under whose immediate direction or authority, either as principal, contractor or employer, any portion of any public street may be made dangerous, must erect, and so long as the danger may continue, maintain around that portion of such street so made dangerous a good and substantial barrier, and cause to be maintained at both ends of such barrier, during every night, from sunset to daylight, a lighted lantern." (Ord. No. 868, approved June 26, 1903.) Moreover, without regard to this ordinance, the plaintiff's evidence established negligence on the part of the defendant in disturbing the normal condition of the street and leaving it in a condition unsafe for persons using it. Upon digging the trench, it was the plain duty of

the defendant to take such precautions with respect to the excavation made as to avoid danger to users of the street, but the evidence shows that it failed to maintain a substantial barrier around at least that part of the excavation into which the plaintiff fell, which omission of itself under the law established negligence on the part of the defendant.

[2] It is equally apparent, it seems to us, that this negligence was the proximate cause of the injury.

[3] In its instructions to the jury the court gave the following, among others: "The question as to whether or not the plaintiff himself was guilty of negligence is one of fact to be determined by the jury from all the evidence in the case, taking into consideration the age and capacity of the plaintiff, and all the other facts and circumstances appearing in the evidence. . . . You are further instructed that the law requires of a child suing for personal injury care and prudence equal to its capacity, and if you find from the evidence in this case that the plaintiff was a boy of ordinary intelligence and understanding for one of his years, and was aware that it was dangerous to play around an excavation of the character described by the testimony in this case, and knowing that fact and the hazards and dangers thereof, if any, (and) in consequence, and did so continue to play, and was injured as a result, then your verdict will be for the defendant." These instructions sufficiently covered this particular subject, rendering it unnecessary to instruct the jury thereon in the particular terms proposed by the defendant.

[4] Neither do we think that the damages assessed by the jury were excessive. The law prescribes no definite measure in such a case, but leaves the amount of damages to the sound discretion of the jury, taking into consideration all the circumstances attending the occurrence of the injury. In the present case such injury was quite severe, and we think the amount awarded to the plaintiff was not unreasonable.

The court fairly and fully instructed the jury on every phase of the case.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.